UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIDGETTE MARTIN | CIVIL ACTION |
| VERSUS | NO: 21-660 |
| VALERO SERVICES, INC., ET AL. | SECTION: "A" (2) |

## ORDER

The following motion has been filed in this action and noticed for submission on May 12, 2021: **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 11)** filed by John Jacob Baltz.

Plaintiff, Bridgette Martin, initiated this lawsuit in state court against Valero Services, Inc., Valero Refining-Mereaux, John Jacob Baltz, and Jace Raney. The lawsuit arises out of an April 10, 2020 explosion and fire at the Valero refinery in Chalmette, Louisiana. Plaintiff was performing her job duties on site when the explosion occurred and she contends that she sustained serious and permanent injuries as a result of the incident.

Defendants removed the lawsuit to this Court. The cited basis for original subject matter jurisdiction in federal court is diversity jurisdiction even though the parties are not completely diverse in citizenship—both Plaintiff and John Jacob Baltz are Louisiana citizens. Defendants' position is that Baltz has been improperly joined. Plaintiff has filed a motion to remand the case to state court. In that motion, which will be submitted for consideration on May 26, 2021, Plaintiff argues that diversity jurisdiction is not present in this case because Baltz destroys complete diversity and he has not been improperly

1

joined. Of course, if there is at least one nondiverse defendant, there is no federal diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016).

The validity of the improper joinder allegation will be determined in conjunction with the Court's ruling on Plaintiff's motion to remand. In conjunction with that motion to remand the non-diverse defendants, who have an interest in remaining in federal court, will asseverate against Baltz's joinder in this case, not Baltz himself. If the Court determines that the doctrine of improper joinder applies to Baltz, then that will allow the Court only to dismiss him from this case <u>without</u> prejudice so as to retain jurisdiction over the remaining completely diverse parties in the case. *See Alviar v. Lillard*, 854 F.3d 286, 291 (5th Cir. 2017) (explaining how the district court erred by granting a non-diverse defendant's Rule 12(b)(6) motion after concluding that he was improperly joined). A finding of improper joinder, should one be made in this case, will not allow the Court to exercise subject matter jurisdiction over the claims between Plaintiff and Baltz—and subject matter jurisdiction is required for a Rule 12(b)(6) motion because it is merits-based, *see Cox, Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013) (unpublished) (explaining that "[a] dismissal with prejudice is a final judgment on the merits" and therefore requires subject matter jurisdiction)—and it will never allow Baltz to invoke the jurisdiction of the Court by filing motions of his own, dispositive or otherwise.

Simply, Baltz has no jurisdictional standing to file a Rule 12(b)(6) motion to dismiss.

Accordingly;

**IT IS ORDERED** that the **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 11)** filed by John Jacob Baltz is **DISMISSED** for lack of jurisdiction. Baltz's **Motion for Leave to File a Reply (Rec. Doc. 23)** is **DENIED**.

May 12, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE