UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIDGETTE MARTIN | CIVIL ACTION |
| VERSUS | NO: 21-660 |
| VALERO SERVICES, INC., ET AL. | SECTION: "A" (2) |

## **ORDER AND REASONS**

The following motions are before the Court: **Motion to Remand (Rec. Doc. 18)** filed by Plaintiff, Bridgette Martin; **Motion to Strike (Rec. Doc. 24)** filed by Defendant, Valero Refining-Meraux, LLC. Both motions are opposed. The motions, submitted for consideration on May 26, 2021, are before the Court on the briefs without oral argument.[1]

Plaintiff, Bridgette Martin, initiated this lawsuit in state court against Valero Services, Inc., Valero Refining-Meraux ("Valero"), John Jacob Baltz, and Jace Raney. The lawsuit arises out of an April 10, 2020 explosion and fire at the Valero refinery in Chalmette, Louisiana. Plaintiff was performing her job duties on site when the explosion occurred and she contends that she sustained serious and permanent injuries as a result of the incident.

Valero removed the lawsuit to this Court. The cited basis for original subject matter jurisdiction in federal court is diversity jurisdiction even though the parties are not completely diverse in citizenship—both Plaintiff and defendant John Jacob Baltz are

---

[1] Plaintiff has requested oral argument but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

1

Louisiana citizens. Valero's position is that Baltz has been improperly joined and that his citizenship should therefore be ignored for purposes of retaining the case and exercising jurisdiction over Plaintiff's claims against the remaining defendants.

Plaintiff now moves to remand the case to state court. Plaintiff argues that diversity jurisdiction is not present in this case because Baltz destroys complete diversity and he has not been improperly joined. The dispute surrounding Baltz's joinder centers on whether or not the exclusivity provision of the Louisiana Workers' Compensation Act bar Plaintiff's claim against Baltz, who was a co-employee (supervisor) vis à vis Plaintiff.

Valero moves to strike Exhibit A to Plaintiff's motion to remand. Exhibit A is Plaintiff's affidavit.

If there is at least one nondiverse defendant, there is no federal diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). Joinder of a non-diverse party is improper if there is no reasonable basis to predict that the plaintiff might be able to recover against that party. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006). Improper joinder may be established where the Workers' Compensation Act bars recovery. *See id.*

But § 23:1032(B) of the Act carves out an exception to exclusivity where an employer's (including another employee's) intentional act injures the plaintiff. Importantly, in this context "intent" or "intentional" means that the person either 1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct, or 2) knows that the result is substantially certain to follow

2

from his conduct, whatever his desire may be as to that result. *Id.* (quoting *Cole v. State Dep't of Pub. Safety & Correct.*, 825 So. 2d 1134, 1140 (La. 2002)); *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981). Plaintiff's position is that this case involves the second type of intent.

While Valero correctly characterizes the intentional tort exception to be a narrow one, the Court nonetheless agrees with Plaintiff's contentions regarding the sufficiency of her pleadings insofar as the intentional tort exception applies to this case. Further, even assuming arguendo that Valero had established on the pleadings alone that the Workers' Compensation exclusivity provision applied to bar the claims against Baltz, the removal in this case remains problematic because all of the defendants in this case have been sued under the intentional tort exception to exclusivity. At this juncture Valero has focused only on Baltz because he is the only defendant destroying diversity jurisdiction but all of the defendants are claiming Worker's Compensation immunity in this case. (Rec. Doc. 6, Valero-Meraux, LLC Affirmative Defenses ¶ 3); (Rec. Doc. 8, Valero Services, Inc. Affirmative Defenses ¶ 3); (Rec .Doc. 10, Jace Raney Affirmative Defenses ¶ 3); (Rec. Doc. 27, Opposition at 8 n.11). And based on the case presented in the pleadings, if the exclusivity provision applies at all it will apply uniformly to all of the defendants. But the law in this circuit is that there is no improper joinder where the non-resident's showing that there is no reasonable basis for recovery against the in-state defendant equally disposes of all defendants. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 389 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 571 (5th Cir. 2004)).

In sum, the Court is persuaded that the motion to remand should be granted

because the doctrine of improper joinder does not apply in this case to allow for removal.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 18)** filed by the plaintiff, Bridgette Martin is **GRANTED**. This case is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction. The parties are not completely diverse in citizenship.

**IT IS FURTHER ORDERED** that the **Motion to Strike (Rec. Doc. 24)** filed by Defendant, Valero Refining-Meraux, LLC is **DENIED AS MOOT**.

June 2, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE